WO

KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melinda Gabriella Valenzuela,<br><br>Plaintiff,<br><br>v.<br><br>Centurion Health, et al.,<br><br>Defendants. | No.   CV 19-5733-PHX-MTL (MHB)<br><br>**ORDER** |

On November 26, 2019, Plaintiff Melinda Gabriella Valenzuela,[1] who is confined in the Arizona State Prison Complex-Florence, filed a Motion for Leave to File Pursuant to Court Order and an Application to Proceed In Forma Pauperis, and lodged a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983.  In a January 23, 2020 Order, the Court granted the Motion to File; directed the Clerk of Court file the Complaint; and denied the Application to Proceed with leave to refile.  On January 29, 2020, Plaintiff filed a six-month trust account statement.  On February 13, 2020, Plaintiff filed a complete Application to Proceed In Forma Pauperis.  In a March 3, 2020 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim.  The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

---

[1] Plaintiff has also filed Complaints under the names Enrique Gabrielle Mendez, Enrique Mendez-Valenzuela, and Quennell Glover.  Plaintiff is a transgendered woman and refers to herself with feminine pronouns.

TERMPSREF

On April 1, 2020, Plaintiff filed a First Amended Complaint (Doc. 12). The Court will order Defendants Randall and LaPlume to answer Count Three of the First Amended Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent

standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## II.     First Amended Complaint

Plaintiff names the following Defendants in her three-count First Amended Complaint: Centurion Health (Centurion); Correctional Officers (CO) II Cuen and Moses; Sergeant Jennifer Repp; Lieutenant Woliver; Criminal Investigation Unit Officers Powell, Romo, Currier, and Brandon Rodarte; Dr. Rodney Stewart; Nurse Practitioner Eze; Deputy Warden Coleman; Assistant Facility Health Administrator Trina Randal; Assistant Deputy Warden Blake Jensen; Registered Nurses Lori LaPlume and Kari Rounds; and Dr. Valerie Gilreath.  Plaintiff seeks injunctive relief and money damages.

In Count One, Plaintiff alleges Defendants Randall, LaPlume, Rodarte, Romo, Powell, and Stewart have refused to medical care for her eye, which was injured during an assault by another inmate.  Plaintiff claims that from September 5, 2018 to present, she "personally told and saw RN LaPlume, Rodarte, Romo, Powell, [and] Steward that she has had no vision out of her left eye since her assault and she has seen medical multiple times" and "RN LaPlume and AFHA Randall have done nothing to treat it correctly."  Plaintiff further contends the "D.O.C. eye doctor said she has to go to a specialist due to the eye," Defendant Eze ordered a consultation with a specialist in September 2019, but "til this day it has not taken place and it only causes pain to [Plaintiff's] eye."

In Count Two, Plaintiff alleges Defendants failed to protect her from multiple assaults and "when she told them she was [going to] be hurt, assaulted, threatened, they did nothing."  Plaintiff asserts that from September 5, 2018 to present, "Defendants Woliver, Powell, Romo, Currier, Coleman, Jensen, Rodarte, and Shinn have failed to protect her . . . ."  Plaintiff states she told Defendants Romo, Powell, and Currier "multiple times in 2018 that she was going to be assaulted and hurt and she had been threatened."  Plaintiff asserts Defendant Coleman "took no action" but instead "tried to place [her] in the same pod where they had even told them she would be hurt."  Plaintiff states Defendant Cuen and Moses placed her in the pod "and she was assaulted so bad by [another inmate]

that she went out by [illegible] and had to have plastic surgery." Plaintiff contends Defendant Coleman is responsible for "housing changes [and] did nothing" and Defendants Repp, Romo, Powell, Currier, and Rodarte "have done nothing to protect her and threats and assaults continue to take place."

In Count Three, Plaintiff alleges that since June 2019, she has submitted two grievances and multiple Health Needs Requests (HNRs) regarding her eye issues. She states she "has personally seen NP Eze, who did an urgent consult which got approved but in the last 4 months is still not scheduled despite being urgent." Plaintiff alleges Defendants Randall, LaPlume, and Centurion "have violated Centurion's own policy in reference to urgent consults by these individuals delaying, stalling the consult it has only caused more pain, issues to the [right] eye."

### III.  Claims for Which an Answer Will be Required

Liberally construed, Plaintiff has adequately stated an Eighth Amendment medical claim against Defendants Randall and LaPlume in in Count Three for allegedly failing to schedule Plaintiff's consultation with an outside eye specialist, even after the consultation was ordered and approved. The Court will require Defendants Randall and LaPlume to answer Count Three.

### IV.  Failure to State a Claim

#### A.  Count One

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id*.

Plaintiff's allegations in Count One, to the extent they differ from Count Three, are too vague to state a claim. Plaintiff alleges Defendants "did nothing" to treat her eye, but her grievances and medical documentation state she was seen several times for treatment of her eye injury. Plaintiff does not explain whether she means she received inadequate

treatment at those appointments, or whether she intends to claim there was an initial delay in treating the injury. The Court will dismiss Count One for failure to state a claim.

### B. Count Two

An in forma pauperis complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of 28 U.S.C. § 1915(e). *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). An in forma pauperis complaint repeating the same factual allegations asserted in an earlier case, even if now filed against new defendant, is subject to dismissal as duplicative and frivolous. *See Bailey*, 846 F.2d at 1021; *see also Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975).

Plaintiff's allegation—that since September 2018, Defendants have failed to protect her from assault by other inmates—is duplicative of claims in her previously filed case, *Valenzuela v. Monson*, CV 19-05162-PHX-MTL (MHB). Accordingly, the Court will dismiss Count Two.

### C. Count Three – Defendants Centurion and Eze

To state a § 1983 medical claim, a plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the

way prison doctors respond to the prisoner's medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Jett*, 439 F.3d at 1096.

In Count Three, Plaintiff alleges only that Defendant Eze examined her in November 2019 and ordered a consultation with an outside specialist. This is insufficient to show Defendant Eze was deliberately indifferent to Plaintiff's serious medical needs. The Court will therefore dismiss Defendant Eze.

To state a claim under § 1983 against a private entity performing a traditional public function, such as providing medical or dental care to prisoners, a plaintiff must allege facts to support that his constitutional rights were violated as a result of a policy, decision, or custom promulgated or endorsed by the private entity. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138-39 (9th Cir. 2012); *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997). A plaintiff must allege the specific policy or custom and how it violated her constitutional rights. A private entity is not liable simply because it employed individuals who allegedly violated a plaintiff's constitutional rights. *See Tsao*, 698 F.3d at 1139.

Plaintiff has failed to identify a policy or custom of Defendant Centurion and has failed to explain how that policy or custom violated her constitutional rights. Plaintiff alleges Defendants Randall and LaPlume have failed to schedule her consultation with an outside specialist in violation of Centurion's policy. Plaintiff's allegations show any injury did not result from Centurion's policy, but from violations of that policy. Accordingly, Plaintiff has failed to state a claim against Defendant Centurion and the Court will dismiss this Defendant.

**V.     Motion**

On April 9, 2020, Plaintiff filed a "Motion for Leave to File Pursuant to Court Order and Proof of Exhaustion of Administrative Remedies and Proof of Assault & Eye Injury" (Doc. 13), in which she asks to file grievances and other documentation related to her claims. The Court will grant the Motion and direct the Clerk of Court to file documents lodged with the Motion.

. . . .

**VI.     Warnings**

   **A.     Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of her release, either (1) notify the Court that she intends to pay the unpaid balance of the filing fee within 120 days of her release or (2) file a *non*-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

   **B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

   **C.     Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that she files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

   **D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Motion for Leave to File (Doc. 13) is **granted**. The Clerk of Court must file the lodged documents.

(2)     Counts One and Two of the First Amended Complaint are **dismissed** without prejudice.

TERMPSREF

- 7 -

(3) Defendants Centurion, Cuen, Moses, Repp, Woliver, Powell, Romo, Currier, Stewart, Eze, Repp, Coleman, Jensen, Rounds, Rodarte,[2] and Gilreath are **dismissed** without prejudice.

(4) Defendants Randall and LaPlume must answer Count Three.

(5) The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. 12), this Order, and both summons and request for waiver forms for Defendants Randall and LaPlume.

(6) Plaintiff must complete[3] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(8) The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(9) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order.

(10) A Defendant who agrees to waive service of the Summons and First Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service**

---

[2] Because Plaintiff's handwriting is difficult to read, Defendant Rodarte was mistakenly entered on the docket as Brandon "Nodark."

[3] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(11) The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(12) Defendants Randall and LaPlume must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(13) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

. . . .

. . . .

. . . .

TERMPSREF

(14) This matter is referred to Magistrate Judge Michelle H. Burns pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 30th day of April, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

TERMPSREF