# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melinda Gabriella Valenzuela,<br><br>    Plaintiff,<br><br>v.<br><br>Centurion Health, et al.,<br><br>    Defendants. | No. CV-19-05733-PHX-MTL (MHB)<br><br>**ORDER** |

Before the Court is Plaintiff Melinda Gabriella Valenzuela's appeal (Doc. 27) from the Magistrate Judge's June 26, 2020 Order (Doc. 23). For the reasons discussed herein, the appeal is denied.

I.

On November 26, 2019, Plaintiff initiated this action. (Doc. 1.) After granting Plaintiff's motion for leave to file[*] (Doc. 5), this Court, in a screening order, dismissed Plaintiff's Complaint with leave to amend. (Doc. 10.) Plaintiff then filed a First Amended Complaint ("FAC"). (Doc. 12.) After screening the FAC, the Court directed Defendants Trina Randall and Lori LaPlume to answer Count Three of the FAC and dismissed the remaining claims and Defendants without prejudice. (Doc. 15.) On June 23, 2020, Plaintiff filed a motion seeking leave to file a Second Amended Complaint (Doc. 19) and an

---

[*] Since 2002, Plaintiff has filed more than 200 cases in this Court. *See* Doc. 9 in CV 02-02452-PHX-JAT (DKD) (57 cases); Doc. 5 in CV 04-00698-PHX-JAT (DKD) (76 cases); Doc. 10 in CV 13-01366-PHX-NVW (MHB) (47 cases). In response, the Court has issued multiple vexatious litigant injunctions—the most recent being entered on November 27, 2017 in CV 16-00951-PHX-NVW (MHB). Pursuant to that amended injunction, Plaintiff must obtain leave of Court before filing a complaint.

application to proceed in forma pauperis ("IFP") (Doc. 21). In an Order entered on June 26, 2020, the Magistrate Judge denied both requests. (Doc. 23.) On August 4, 2020, Plaintiff filed the pending appeal. (Doc. 27.)

## II.

"A motion for leave to amend is a nondispositive motion which a magistrate judge may properly decide." *Seto v. Thielen*, 519 F. App'x 966, 969 (9th Cir. 2013); 28 U.S.C. § 636(b)(1)(A); *see also Redwind v. W. Union, LLC*, 698 F. App'x 346, 348 (9th Cir. 2017) (citing *Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911, 917 (9th Cir. 2003)). Within 14 days of being served a copy of a magistrate judge's order deciding a pretrial, nondispositive matter, "[a] party may serve and file objections to the order." Fed. R. Civ. P. 72(a). The district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*

When service is made by mail, three days are added to the filing deadline. Fed. R. Civ. P. 6(d). Plaintiff's deadline to file a motion for review of the June 26, 2020 Order expired on July 13, 2020. Plaintiff filed this appeal on August 4, 2020. (Doc. 27.) Her objections are therefore untimely, and she "may not assign as error a defect in the order." Fed. R. Civ. P. 72(a); *see Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1175 (9th Cir. 1996) ("[B]y failing to file timely objections to the magistrate's discovery order, appellants not only stripped the district court of its function of effectively reviewing the magistrate's order, but also frustrated the policy behind the magistrate's Act, i.e., to relieve courts of unnecessary work and to improve access to courts.").

The Court is mindful that there may be delays in sending and receiving mail within the prison system. But even if Plaintiff's objections had been timely filed, no part of the June 26, 2020 Order is clearly erroneous or contrary to law. Rule 3.4 of the Local Rules of Civil Procedure (the "Local Rules") provides that a "judge may strike or dismiss complaints or applications [to proceed in forma pauperis] which do not conform substantively or procedurally with federal and local requirements for actions filed by incarcerated persons." LRCiv 3.4. The Magistrate Judge found that Plaintiff failed to

comply with Rule 8(a) of the Federal Rules of Civil Procedure and the requirements set forth in Rules 3.4, 7.1, and 15.1 of the Local Rules and thereby denied Plaintiff's motion for leave to amend and IFP application. (Doc. 23 at 1–2.) Clear error exists only if the Court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001). That is not the case here.

III.

Accordingly,

**IT IS ORDERED denying** Plaintiff's Motion for Reconsideration to District Judge (Doc. 27).

Dated this 1st day of December, 2020.

Michael T. Liburdi
United States District Judge