WO                                                                                                          SKC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Melinda Gabriella Valenzuela, | No. CV 19-05733-PHX-MTL (MHB) |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| Centurion Health, et al., | |
| Defendants. | |

Plaintiff Melinda Gabriella Valenzuela, who was previously confined within the Arizona Department of Corrections (ADC), entered into a Stipulation to Dismiss ADC Defendants Trina Randall and Lori LaPlume in this pro se civil rights action, thereby agreeing to dismiss without prejudice her sole remaining claim in Count Three. (Doc. 33.) Since then, Plaintiff has filed "Plaintiff's Motion to Withdraw Stipulation to Dismiss," stating that she "does not agree to dismiss the case" and requesting that the Court withdraw her Stipulation to Dismiss. (Doc. 35.) Thereafter, on November 30, 2020, the Court's mail to Plaintiff was returned without a forwarding address, indicating that Plaintiff was no longer in custody. (*See* Doc. 39.) Plaintiff has not updated the Court with a current address, and no other Motions remain pending at this time.

The Court will deny the Motion to Withdraw Stipulation to Dismiss and will dismiss this action without prejudice based on the parties' Stipulation to Dismiss and, in the alternative, for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

. . . .

## I. Background

On screening under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated Eighth Amendment medical care claims in Count Three against Defendants Randall and LaPlume based on their alleged failures to schedule Plaintiff for an outside eye specialist consultation since June 2019, when Plaintiff began making eye complaints, even after a specialist consultation had been approved. (Doc. 15.) The Court ordered these Defendants to answer Count Three and dismissed the remaining claims and Defendants. (*Id.*)

## II. Plaintiff's Motion to Withdraw Stipulation to Dismiss

The Stipulation to Dismiss that Plaintiff seeks to withdraw states, in relevant part, that the parties

> stipulate to dismiss Count Three (the only remaining claim) against these Defendants, with respect to all allegations regarding healthcare pertaining to the timeframe on or after July 1, 2019, in the above-captioned matter, each to bear their own attorneys' fees and costs.

(Doc. 33.) The Proposed Order attached to the Stipulation to Dismiss states that the claims are dismissed "without prejudice." (Doc. 33-1.) The parties do not specify in the Stipulation that they have reached a settlement; nor do they request any further Court involvement in overseeing or adjudicating compliance with any settlement.

In her one-paragraph Motion to Withdraw, Plaintiff does not provide any legal basis for the Court to withdraw the Stipulation to Dismiss. Her sole justification for withdrawing the Stipulation is that "Defendant[s] have delayed care and it took over a year to properly be treated." (Doc. 35 at 1.) She also states that "after consulting legal advice she was advised to file this," and "[s]he does not agree to dismiss the case." (*Id.*) Attached to her Motion, Plaintiff provides a copy of the Stipulation to Dismiss and the proposed Order of Dismissal, and she does not dispute the authenticity of her signature on the Stipulation to Dismiss or her assent to these filings.

Based on the above, it appears that Plaintiff agreed to and signed the Stipulation to Dismiss, thereby stipulating to the dismissal of her claims against Defendants Randall and

LaPlume without prejudice, and since doing so, she has simply changed her mind. Absent any argument or showing that her agreement to the Stipulation was fraudulent or coerced, the Court finds no ground to invalidate a stipulation freely entered by the parties. Nor did the parties request that the Court exercise any continued jurisdiction over this action, once dismissed. The Court may incorporate a settlement contract into a dismissal order or retain jurisdiction "if the parties agree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994). Otherwise, the Court does not have jurisdiction to enforce contractual agreements arising from a stipulation to dismiss. *Id.* Therefore, even if Plaintiff had alleged that Defendants have failed to comply with any terms underlying the parties' Stipulation to Dismiss, the Court would lack jurisdiction to adjudicate any such contentions. In short, the Court finds no reason not to dismiss this action pursuant to the parties Stipulation to Dismiss and will therefore deny Plaintiff's Motion to Withdraw Stipulation to Dismiss and dismiss this action without prejudice.[1]

**III.   Rule 41(b)**

In the alternative, because Plaintiff is no longer in custody, and she has failed to provide the Court a current address, it appears she has lost interest in pursuing this action, and the Court will also dismiss this action for failure to prosecute pursuant to Federal of Civil Procedure 41(b).

Rule 3.4 of the Local Rules of Civil Procedure requires an incarcerated litigant to comply with the instructions attached to the court-approved Complaint form. Those instructions state: "You must immediately notify the clerk . . . in writing of any change in your mailing address. Failure to notify the court of any change in your mailing address may result in the dismissal of your case." (Information and Instructions for a Prisoner Filing Civil Rights Complaint at 2, ¶ 7). Plaintiff was also informed in the Court's April 30, 2020 Screening Order that she "must file and serve a notice of a change of address in

---

[1] Because the dismissal is without prejudice, Plaintiff is not barred from refiling a new lawsuit against Defendants.

accordance with Rule 83.3(d) of the Local Rules of Civil Procedure" and that "[f]ailure to comply may result in dismissal of this action." (Doc. 15.)

Plaintiff has the general duty to prosecute this case. *Fidelity Phila. Trust Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff who has filed a *pro se* action to keep the Court apprised of his or her current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of her new address constitutes failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of this action, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Here, the first and second factors favor dismissal. Plaintiff's failure to keep the Court informed of her post-incarceration address prevents this case from proceeding, and neither the public's interest in expeditious resolution of litigation nor the court's need to manage its docket are served by allowing this action to continue. As to the third factor,

dismissal of this action for failure to prosecute will not prejudice Defendants who have already agreed to a Stipulation to Dismiss without prejudice. The fourth factor, the public policy favoring disposition of cases on their merits, as always, weighs against dismissal. *See Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990). This factor is less significant here, however, where the parties have already filed a Stipulation to Dismiss. Finally, the fifth factor requires the Court to consider whether a less drastic alternative is available. Without Plaintiff's current address, however, certain alternatives are bound to be futile. Here, as stated in *Carey*, "[a]n order to show cause why dismissal is not warranted . . . would only find itself taking a round trip tour through the United States mail." 856 F.2d at 1441.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In this case, dismissal with prejudice would be unnecessarily harsh, particularly where the parties have already stipulated to dismissal without prejudice. This action will therefore be dismissed without prejudice pursuant to that Stipulation, and, in the alternative, for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS ORDERED**:

(1) The reference to the Magistrate Judge is **withdrawn** as to Plaintiff's Motion to Withdraw Stipulation to Dismiss (Doc. 35), and the Motion is **denied**.

(2) Pursuant to the Parties' Stipulation to Dismiss (Doc. 33), or, in the alternative, for failure to prosecute pursuant to Rule 41(b), this action is **dismissed without prejudice**; the Clerk of Court must enter judgment accordingly.

Dated this 15th day of December, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

- 5 -